UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lotus Industries, et al.,

    Plaintiffs,

v.                                              Case No. 17-13482

City of Detroit, et al.,                  Sean F. Cox
                                                  United States District Court Judge

    Defendant.

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS RULE 12(b)(5) MOTIONS AND EXTENDING TIME FOR PLAINTIFFS TO PROPERLY EFFECT SERVICE

In October 2017, Plaintiffs filed this suit against multiple defendants, including the City of Detroit and Michigan Secretary of State Ruth Johnson. But Plaintiffs never properly served these defendants, either before the 90-day period to do so expired or after the Court issued a show cause order. Now, the City and Secretary Johnson have moved to dismiss, asserting (among other reasons) insufficient service of process under Rule 12(b)(5). Plaintiffs implore the Court not to dismiss the case and ask for additional time to effect service.

For the reasons below, the Court finds that Plaintiffs failed to properly serve the City and Secretary Johnson and that they have not shown good cause for this failure. But the Court will nevertheless exercise its discretion to allow Plaintiffs additional time to properly effect service.

**BACKGROUND**

Plaintiffs–Lotus Industries, LLC, individuals Christopher Williams and Robert Davis, and the non-profit corporation A Felon's Crusade for Equality, Honesty, and Truth–filed this suit on October 25, 2017 against various defendants, including the City of Detroit and Michigan

1

Secretary of State Ruth Johnson (Doc. # 1). The clerk issued a summons two days later (Doc. # 3). Yet Plaintiffs failed to serve Defendants within 90 days or request an extension.

On January 31, 2018, the Court ordered Plaintiffs to show cause why the case should not be dismissed for failure to prosecute (Doc. # 6). In response, Plaintiffs claimed that they did not serve Defendants because they believed a settlement agreement could be reached before the 90-day service period expired (Doc. # 7). This did not occur. Plaintiffs then set out to rectify this error by serving the summons and complaint on Defendants by certified mail. They also filed a proof of service as to all Defendants, attaching return certified mail receipts for Secretary Johnson and the City of Detroit (Doc. # 8).

The City and Secretary Johnson then moved to dismiss under, among other things, Rule 12(b)(2) and 12(b)(5), asserting lack of personal jurisdiction and insufficient service of process (Doc. # 14, 19). Plaintiffs have responded (Doc. # 29, 30). The Court shall decide the motions on the briefs, the issues having been adequately presented therein. LR 7.1(f)(2).

## ANALYSIS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Actual knowledge of the action is not enough, the requirements of Rule 4(m) must be satisfied. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). A motion to dismiss under Rule 12(b)(5) challenges the mode of serving a summons and complaint. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 520-21 (6th Cir. 2006).

Here, Plaintiffs concede that they did not properly serve the City or Secretary Johnson in

compliance with Rule 4 of the Federal Rules of Civil Procedure. So, the Court presently lacks personal jurisdiction over these defendants. But, if Plaintiffs can show good cause for their failure to effect service, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If not, the Court has two options: it may dismiss the action without prejudice against these defendants or it may order that service be made within a specified time. *Id.*; *Henderson v. United States*, 517 U.S. 654, 662 (1996) (observing that, under Rule 4(m), "courts have been accorded discretion to enlarge the [90-day] period even if there is no good cause shown.") (quotations omitted).

It is, of course, Plaintiffs' burden to show good cause. *Friedman*, 929 F.2d at 1157. They have not done so. Their claim that they were seeking to settle the case is no excuse for failing to serve Defendants; Plaintiffs could have easily served them in a timely manner while continuing to pursue a settlement. And even when they finally attempted to serve Defendants (which did not occur until prompted by a show cause order), they failed to do so properly. Their attempt to serve the City and Secretary Johnson via certified mail did not comply with the procedural requirements that Plaintiffs should have been aware of. *See* Fed. R. Civ. P. 4(e); Fed. R. Civ. P. (j)(2); M.C.R. 2.115(G)(2). Thus, the Court finds that Plaintiffs did not make a "reasonable and diligent effort to effect service" and therefore declines to find good cause. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994).

Absent good cause, the Court has discretion to either dismiss the action without prejudice or to order that service be made within a specified time. Fed. R. Civ. P. 4(m). In determining whether to exercise this discretion, the Court considers whether: (1) a significant extension of time is required; (2) an extension would prejudice Defendants in some way other than the

inherent prejudice in having to defend the suit; (3) Defendants had actual notice of the suit; (4) a dismissal without prejudice would substantially prejudice Plaintiffs; and (5) Plaintiffs made any good faith efforts at effecting proper service of process. *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 325 (E.D. Mich. 2001).

Of these factors, the first three weigh in Plaintiffs' favor. There is no reason why Plaintiffs should not be able to promptly serve the City and Secretary Johnson if they receive an extension. And Defendants have not identified any additional prejudice that they would incur from an extension; indeed, they have actual notice of the suit and have been actively involved in the case, as evidenced by their motions to dismiss.

The fourth and fifth factors do, however, weigh against Plaintiffs. Plaintiffs have not identified any prejudice that they would suffer if their claims against these Defendants were dismissed without prejudice (such as by arguing that their claims would be time-barred). Nor have they shown that they made good-faith efforts to effect proper service. Indeed, Plaintiffs failed to even attempt to timely serve Defendants and, when they finally attempted service, their attempt was plainly deficient under the federal rules.

All in all, weighing these factors, the scales tip (however slightly) in Plaintiffs' favor, and the Court finds that an extension of time for proper service of the summons and complaint is appropriate under Rule 4(m). *See also Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952) ("[I]f the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later."). As such, the Court shall reserve consideration of the other arguments raised in Defendants' motions to dismiss until Defendants are properly served and personal jurisdiction is established.

## CONCLUSION

For the reasons above, the Court shall **GRANT IN PART AND DENY IN PART** Defendants' Rule 12(b)(5) motions. The Court **GRANTS** the motions insofar as Defendants assert that they have not been properly served. But the Court **DENIES** Defendants' request to dismiss Plaintiffs' claims. Instead, the Court shall, in its discretion, afford Plaintiffs additional time to effect proper service on the City of Detroit and Secretary Johnson.

Accordingly, **IT IS ORDERED** that Plaintiffs are granted until **Friday, June 8, 2018, to properly effect service on the City of Detroit and Ruth Johnson**. Failure to do so by that date will result in Plaintiffs' claims against these Defendants being dismissed for failure to timely effect service. Fed. R. Civ. P. 4(m).

Additionally, the Court **ORDERS** that, by **Friday, June 8, 2018, Plaintiffs must submit a responsive pleading addressing the other arguments raised in Defendants' motions to dismiss under Rule 12(b)(1) and 12(b)(6).** Failure to do so will result in Plaintiffs' claims against these Defendants being dismissed. *See Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

**IT IS SO ORDERED.**

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: May 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2018, by electronic and/or ordinary mail.

                                            s/Jennifer McCoy
                                            Case Manager