Defendant Johnson's Response to Plaintiffs'
Motion for Certificate of Appealability

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS UNITED AGAINST
CORRUPT GOVERNMENT,
and ROBERT DAVIS,

                Plaintiffs,

v.

                CASE NO. 14-CV-12795
                HONORABLE GEORGE CARAM STEEH

RUTH JOHNSON,

                Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 22)

Convicted felon Robert Davis and his non-profit corporation, named ironically enough, Citizens United Against Corrupt Government ("Citizens United"), brought this 42 U.S.C. § 1983 suit to challenge the constitutionality of portions of Michigan Campaign Finance Act, Mich. Comp. Laws §§ 169.254(1) and (2), which prohibit corporations from making direct money contributions to candidates. After this lawsuit was filed, Davis pled guilty to embezzlement from the Highland Park Schools while employed there as an elected school board member. In the matter before the court, plaintiffs seek declaratory relief that Michigan's ban on direct corporate contributions violates their First Amendment rights and seek injunctive relief allowing for Citizens United to make direct contributions to Davis' now defunct campaign for school board member, to two state representative candidates, and to make certain "expenditures" on behalf of Wayne County Commissioner and state representative candidates. Although the campaigns are now over, plaintiffs claim they seek to contribute to candidates' campaign debts. Defendant Secretary of State Ruth Johnson

-1-

argues that plaintiffs are not entitled to equitable relief under the doctrine of unclean hands. Defendant also moves to dismiss on the basis that plaintiffs' claims are barred by the doctrine of laches, and by the prudential and jurisdictional doctrines of standing and ripeness. Oral argument was heard on December 18, 2014. For the reasons set forth below, defendant's motion to dismiss claims based on the doctrine of unclean hands shall be granted, and the court shall not address the other grounds for dismissal.

## I. Background

Citizens United is a Michigan nonprofit corporation founded by Davis in 2012 for the stated purpose of "promoting and ensuring corrupt-free and law-abiding civic government through social actions and court actions designed to eliminate unlawful and illegal actions by all governmental officials, representatives and entities in all levels of government." (Doc. 25 at 6). Davis is the sole founder of Citizens United and acts as its director. According to the Articles of Incorporation of Citizens United:

> The corporation is to be financed . . . with the personal funds of Robert Davis, its incorporator, and with voluntary donations and fundraisers.

(Doc. 22, Ex. 2). As the Secretary of State, defendant Johnson is the filing official responsible for enforcing the Michigan Campaign Finance Act as it pertains to candidates that are required to file reports with her office.

On July 21, 2014, Citizens United filed its two-count first amended complaint against defendants Johnson and Wayne County Clerk Cathy Garrett. Count I seeks declaratory and injunctive relief against defendant Latanya Garrett to allow Citizens United to contribute to Davis' bid for reelection to the Highland Park School Board. Count II seeks declaratory and injunctive relief against defendant Johnson to allow Citizens United to contribute to the

-2-

campaigns of state representative candidates Latanya Garrett and Eze Ejelonu. Count III seeks declaratory and injunctive relief against defendants Cathy Garrett and Johnson to allow Citizen United to make an "expenditure" to pay individuals to canvass voters and to distribute campaign literature in the City of Highland Park on behalf of Wayne County Commissioner candidate Martha G. Scott and representative candidate Latanya Garrett.

On September 2, 2014, Davis pled guilty to embezzling over $90,000 from the Highland Park Schools and became ineligible to run for school board member. On September 15, 2014, defendant Cathy Garrett filed a motion to dismiss on the basis that Davis was ineligible to run for school board based on his felony conviction and thus the doctrine of unclean hands barred equitable relief. In addition, defendant Cathy Garrett argued that she was entitled to immunity and that plaintiff lacked standing. On October 8, 2014, the parties stipulated to the dismissal of defendant Cathy Garrett. Accordingly, only defendant Johnson remains as to Counts II and III. At oral argument, plaintiffs' counsel represented that the stipulated order also dismissed Davis from this lawsuit. This was not clear to defendant or this court. Based on counsel's representation at oral argument, Davis shall be deemed dismissed from this lawsuit.

## II. Analysis

Defendant moves to dismiss based on the doctrine of unclean hands because Davis has been convicted of embezzlement from the Highland Park Schools while he was serving as an elected school board member and brought this suit, in part, to contribute to his own campaign for school board member. Moreover, defendant argues that Citizens United is the alter-ego of Davis as his non-profit corporation is funded by his personal contributions,

-3-

and has not filed annual reports for the past two-years and thus is subject to automatic dissolution.

The doctrine of unclean hands bars a litigant who has committed an unconscionable act from seeking relief in equity related to that act. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933). The Sixth Circuit has explained that a court may bar equitable relief "where the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party." *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995) (citations omitted); *NACCO Materials Handling Grp., Inc. v. Toyota Mat. Handling USA, Inc.*, 366 F. Supp. 2d 597, 609 (W.D. Tenn. 2004), *aff'd*, 246 F. App'x 929 (6th Cir. 2007). The Sixth Circuit has held that there must be a close nexus between the alleged misconduct and the matter in issue for the concept of unclean hands to be employed. *Society of Lloyd's v. Shields*, 118 F. App'x 12, 15 (6th Cir. 2004). The doctrine does not operate as a matter of defense, but rather, serves to preserve the court from the threat of becoming "the abettor of iniquity." *Northeast Women's Ctr., Inc. v. McMonagle*, 868 F.2d 1342, 1355 (3d Cir. 1989) (citations omitted). Given the importance of the doctrine to upholding the integrity of the courts, courts may even raise the matter *sua sponte*. *Karpenko v. Leendertz*, 619 F.3d 259, 265 (3d Cir. 2010). Citizens United's suit here for equitable relief is barred by the doctrine of unclean hands.

There can be no dispute that Davis' misconduct in embezzling over $90,000 from the Highland Park Schools constitutes something worse than fraud and bad faith, but amounts to unconscionable conduct. Plaintiffs concede that they may not proceed with their claim to contribute to Davis' own campaign for school board, and so they agreed to

-4-

dismiss Count I. Citizens United's claims against Johnson should fare no better. Like Count I, Counts II and III seek the same declaratory judgment that Michigan's ban on direct corporate contributions is unconstitutional, and seek an injunction to allow Citizens United to make direct contributions to the campaigns of former state representative candidates Latanya Garrett and Ejelonu and Wayne County Commissioner candidate Scott. Although the election is now over, Latanya Garrett and Scott having won and Ejelonu having lost in the primary, Citizens United claims these former candidates "still require financial resources for their respective campaign debts." (Doc. 25 at 8). The fact that Citizens United seeks to make contributions to candidates other than Davis does not save its claims from dismissal under the doctrine of unclean hands. Davis' conduct is attributable to Citizens United based on his role as director and founder. According to the first amended complaint, Davis is the one who contacted Johnson's office about contributing to certain candidates on behalf of his non-profit. (Doc. 8, ¶ 37). Moreover, according to the first amended complaint, it is Citizens United acting through its director, Davis, that seeks to make the prohibited contributions and expenditures. (Doc. 8, ¶¶ 66, 87).

In response to defendant's motion to dismiss, Davis submitted his own affidavit stating that he is the individual who sought leave from the Secretary of State's office to make corporate campaign contributions to state representative candidates and to make certain "expenditures" barred by Michigan's Campaign Finance Act, Mich. Comp. Laws §§ 169.254(1) and (2). (Doc. 25, Ex. A at ¶¶ 11, 14). Because it is Davis' conduct as director of Citizens United which gives rise to his claim for injunctive relief, his gross misconduct as school board member is rightfully attributed to his non-profit. Allowing such a claim to proceed in light of Davis' public corruption and felony conviction would impose an

-5-

impermissible iniquity on the court. To preserve the integrity of the court, Davis must be barred from pursuing claims on behalf of his non-profit corporation which he ironically claims was formed to "prom[ote] and ensur[e] corrupt-free and law-abiding civic government through social actions and court actions designed to eliminate unlawful and illegal actions by all government officials." A clearer example of "unclean hands" cannot be imagined. In its response brief, Citizens United does not address the doctrine of unclean hands, does not object to defendant's claim that Davis is the alter-ego of Citizens United, and does not set forth any reason why his misconduct should not be attributed to his non-profit corporation.[1] For the reasons set forth above, the doctrine of unclean hands bars Citizens United's claim for injunctive relief.

The next issue is whether Citizens United's request for declaratory relief is also equitable in nature such that the doctrine of unclean hands would also apply as a bar from suit. The Supreme Court has held that a declaratory judgment action is neither legal nor equitable in nature *per se* as such relief was not available under the common law but is a creature of statute. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 284 (1988). A suit for declaratory relief may either be a suit for damages or for equitable relief and depends on the nature of the remedy sought. The issue of how to classify declaratory judgment actions typically arises in the situation where the parties' dispute whether either party is entitled to a jury trial. *See, e.g., Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 647-50 (7th Cir. 2002). The Sixth Circuit has treated a suit for

---

[1] On November 20, 2014, Davis filed for bankruptcy. Defendant argues that since Davis commingled his own funds with that of his non-profit corporation Citizens United, creditors could reach the assets of Citizens United, thus preventing Citizens United from contributing to any political candidates even if it were to prevail on the merits.

declaratory relief as equitable in nature in *E.W. Bliss Co. v. Cold Metal Process Co.*, 102 F.2d 105, 109 (6th Cir. 1939), where the court applied the doctrine of laches in a declaratory judgment action. Where the remedy sought is damages, the claim is for legal relief. On the other hand, where the declaratory judgment "invokes the court's coercive powers in a manner analogous to a traditional remedy, the declaratory judgment should be treated as equitable in nature." *Township of Haddon v. Royal Ins. Co. of America*, 929 F. Supp. 774, 778 (D.N.J. 1996). In this case, Citizens United has not made a jury demand, does not seek money damages, and seeks to use a judicial declaration that portions of Michigan's Campaign Finance Act, Mich. Comp. Laws §§ 169.254 (1) and (2), are unconstitutional as a means for the non-profit corporation to fund candidates directly. Under these circumstances, the relief sought is equitable in nature, and the doctrine of unclean hands also applies to bar Citizens United's request for declaratory relief. This case is similar to *Blackenship v. Blackwell*, 341 F. Supp. 2d 911, 923 (S.D. Ohio 2004), where the district court held that the doctrine of unclean hands barred it from considering whether a residency requirement for petition circulators was unconstitutional because the circulators had engaged in fraud. As in *Blackenship*, Citizens United's claim for declaratory relief and injunctive relief shall be denied on the basis of the doctrine of unclean hands.

### III. Conclusion

For the reasons set forth above, defendant's motion to dismiss (Doc. 22) is GRANTED.

**IT IS SO ORDERED.**

Dated: January 5, 2015

                                            <u>s/George Caram Steeh</u>
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 5, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk