UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC, et al.,

    Plaintiffs,

v.

    Case No. 2:17-cv-13482

    Honorable Sean F. Cox

CITY OF DETROIT, et al.,

    Defendants.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY**

This case is another installment in a long-running saga involving the redevelopment of property at the former location of Centre Park Bar in Detroit. The bar and its co-operator, Christopher Williams, sued the City of Detroit, Dennis Archer Jr., and his company Ignition Media, alleging an overarching conspiracy between them and others to facilitate Archer's acquisition of the Centre Park Bar property. Specifically, Plaintiffs brought claims for civil RICO, First Amendment retaliation, a declaration that Archer and the City are violating the City's sign ordinance, and a declaration that the City's noise ordinance is unconstitutionally vague.

Along with these claims, the complaint also involved an unrelated issue–a challenge to Michigan's prohibition on direct campaign contributions by corporations. Two Plaintiffs, Robert Davis and the non-profit corporation A Felon's Crusade for Equality, Honesty, and Truth (collectively "Plaintiffs") sued Michigan Secretary of State Ruth Johnson, seeking a declaration that the statute violates the First Amendment.

On August 22, 2018, the Court dismissed all of these claims, except the First Amendment

1

retaliation claim by Williams and Lotus against Archer. (D.E. 62). Now, Plaintiffs seek a certificate of appealability, pursuant to Federal Rule of Civil Procedure 54(b), that would allow them to immediately appeal the Court's dismissal of their First Amendment claims. (D.E. 64). For the reasons below, the Court shall DENY this motion.

**ANALYSIS**

Rule 54(b) of the Federal Rules of Civil Procedure governs the issuance of judgment on multiple claims or involving multiple parties and provides, in pertinent part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

"Rule 54(b) should not be used routinely," but rather "should be reserved for the 'infrequent harsh case,' where certification serves the interest of justice and judicial administration." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988). The determination of whether to allow an interlocutory appeal pursuant to Fed. R. Civ. P. 54(b) is a matter left to the sound discretion of the district court. *Akers v. Alvey*, 338 F.3d 491, 496 (6th Cir. 2003).

Whether this Court should certify an order as a final order under Rule 54(b) requires a two-prong analysis. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). The first prong asks whether "some decision made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action." *General Acquisition, Inc. v.*

*GenCorp, Inc.*, 23 F.3d 1022, 1026-1027 (6th Cir. 1994). The parties do not dispute that this first prong is satisfied, and the Court agrees.

The second prong asks whether there is "no just reason for delay," *General Acquisition*, 23 F.3d at 1027, considering "judicial administrative interests as well as the equities involved," *Curtiss-Wright*, 446 U.S. at 8. The Court "must determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable." *Gencorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004). The Sixth Circuit has set forth a non-exhaustive list of factors that a district court may consider, including: 1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might be mooted by future developments in the district court; 3) the possibility that the reviewing court might be obligated to consider the same issue a second time; and 4) miscellaneous factors such as delay, economic and solvency considerations, frivolity of competing claims, and the like. *Akers*, 338 F.3d at 495.

This Court concludes that consideration of judicial administrative interests, the equities, and the above factors weighs in favor of denying the relief requested. Although Plaintiffs' claims are unrelated to the remaining claim against Archer, this is not one of the "infrequent harsh cases" where certification serves the interest of justice and judicial administration. Plaintiffs chose to include their campaign-finance challenge with unrelated claims against Archer. The interests of justice will not be harmed by forcing Plaintiffs to live with the consequences of this choice. Further, as this Court described in its August 22, 2018 Opinion and Order, Plaintiffs have not explained why well-established Supreme Court precedent does not apply to the challenged campaign-finance law. (D.E. 62, PageID 760-761). Thus, this claim appears to be frivolous.

## CONCLUSION

For the reasons above, the Court hereby DENIES Plaintiff's motion for certificate of appealability.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 24, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 24, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager