UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC, et al.,

    Plaintiffs,

v.

Case No. 2:17-cv-13482

Honorable Sean F. Cox

CITY OF DETROIT, et al.,

    Defendants.

_____/

## ORDER OVERRULING PLAINTIFF CHRISTOPHER WILLIAMS'S OBJECTION TO JUDGE PATTI'S ORDER GRANTING MOTION FOR PROTECTIVE ORDER (ECF No. 92)

On September 27, 2018, Defendant Dennis Archer, Jr., moved for a protective order. Any response to this motion was due on October 11, 2018. No response was filed.

On November 6, 2018, Magistrate Judge Anthony P. Patti granted, as unopposed, Archer's motion, pursuant to Fed. R. Civ. P. 26(c)(1). Judge Patti imposed the following conditions on discovery:

1. The scope of discovery is limited to information relevant to the remaining claims and defenses thereto at issue in this lawsuit;

2. The use and disclosure of discovery materials, including deposition testimony, is limited to this lawsuit;

3. Mr. Robert Davis is precluded from attending any depositions in this lawsuit; and

4. The Parties are required to obtain the concurrence of the Court prior of filing any discovery motion. If a party believes it is necessary to file a motion, that party must file a letter addressed to the Court, of no more than one page, outlining the dispute and attempts to resolve it. Opposing counsel may file a response to the letter within four (4) days, of no more than one page.

Plaintiff Christopher Williams now objects to Judge Patti's November 6, 2017 order, arguing

1

that it contravenes the Federal Rules of Civil Procedure, violates Williams's free speech rights, is conflicts with the Court's scheduling order, and is unwarranted. For the reasons below, the Court will overrule Williams's objections.

**ANALYSIS**

A district court judge may designate a magistrate judge to hear and determine pretrial matters pursuant to 28 U.S.C. §636(b)(1). When a magistrate judge hears and determines a non- dispositive motion (i.e., one that is not enumerated in §636(b)(1)(A)), the district judge to whom the case is assigned may reconsider the order addressing that motion "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72.

Williams first argues that, by limiting the use of discovery materials to the instant action, Judge Patti's protective order violates Rule 32(a)(8), which allows parties to use depositions taken in some previous actions as if they had been taken in the current action. This argument is meritless because Rule 26(c)(1)(a) *expressly allows* a court to issue a protective order "forbidding the disclosure of discovery." Moreover, Rule 32 deals with admissibility, not limits on discovery. Although, depositions taken in this case could be admissible at a later, qualifying trial, it does not follow that Williams is entitled to disclose them.

Williams next argues that Judge Patti's prohibition on disclosing discovery materials is a prior restraint that violates his First Amendment right to free speech. The Supreme Court disagrees. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31-37 (1984) (holding that where "a protective order is entered on good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment."). Judge Patti granted Archer's unopposed motion pursuant

2

to Rule 26(c) and it only applies to pretrial discovery. Thus, it does not violate Williams's free speech rights.

Williams then argues that the portion of the protective order that bars Robert Davis from attending depositions is unwarranted because Davis assists Williams's counsel as a law clerk. This argument is meritless because, once again, Rule 26(c)(1)(e) *expressly allows* a court to "designate the persons who may be present while the discovery is conducted."

Finally, Williams argues requiring the parties to seek concurrence from the Court before filing a discovery motion violates the scheduling order. The Court fails to see the logic of that argument and expects all parties to comply with both the protective order and the scheduling order entered in this case.

## CONCLUSION AND ORDER

For these reasons, the Court concludes that Judge Patti's order was not clearly erroneous or contrary to law. Thus, the Court OVERRULES Williams's objections.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 10, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager