UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC,
et al.,

          Plaintiffs,

v.

DENNIS ARCHER, Jr., et al.

          Defendants.
_____/

Case No. 2:17-cv-13482
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF CHRISTOPHER WILLIAMS' MOTION TO COMPEL NONPARTY DETROIT DOWNTOWN DEVELOPMENT AUTHORITY TO PRODUCE DOCUMENTS REQUESTED IN SEPTEMBER 13, 2018 SUBPOENA PURSUANT TO FED. R. CIV. P. 37 (DE 111)</u>**

This matter is before the Court for consideration of Plaintiff Christopher Williams' motion to compel nonparty Detroit Downtown Development Authority to produce documents requested in September 13, 2018 subpoena pursuant to Fed. R. Civ. P. 37 (DE 111), City of Detroit Downtown Development Authority's (DDA) response (DE 114), and Plaintiff Williams' statement of resolved and unresolved issues (DE 116). All discovery matters have been referred to me for hearing and determination (DE 102), and a hearing was held on March 26, 2019, at

which counsel appeared and the Court entertained oral argument regarding Plaintiff's motion.

Upon consideration of the motion papers, and for all the reasons stated by the Court on the record, which are hereby incorporated by reference as though fully restated herein, Plaintiff's motion to compel the DDA to produce documents responsive to the subpoena (DE 111) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Nonparty DDA's general objections are considered waived and accordingly will not be considered by the Court. *See Wesley Corp. v. Zoom T.V. Products, LLC,* No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.); *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection.") (Davis, M.J.).

2. Plaintiff's motion to compel as to **Request Nos. 1-3** and **7-13** is **DENIED** for the reasons stated on the record, including that the documents sought are not relevant to the sole remaining claim in this case that Defendant Archer, Jr. retaliated against Plaintiff after Plaintiff and Lotus Industries "expressed their concerns" in a November 19, 2016 Detroit Free Press article "with respect to the tainted bidding process that led to [DDA] awarding … Archer the right to own and develop Centre Park Bar." (DE 1 ¶ 38.) Request Nos. 1-3 and 7-12 seek documents relating to events that occurred long before Plaintiff's alleged protected activity on November 19, 2016—as admitted by Plaintiff's counsel at the hearing—and Plaintiff has not otherwise shown how the requested discovery "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). The Court also finds that these requests are too broad in scope and that it would be unduly burdensome to comply with them, especially for a nonparty. Moreover, Plaintiff's counsel admitted on the record that he is "not sure how [Request No. 12] fits" within the context of the remaining claim.

3. Plaintiff's motion to compel as to **Request Nos. 4-6** is **DENIED** to the extent these requests seek documents <u>prior to</u> November 19, 2016, because such documents are not relevant. However, Plaintiff's motion is **GRANTED** to the extent **Request Nos. 4-6** seek documents dated November 19, 2016 to the present. Responsive documents must be produced by **April 26, 2019**. If DDA withholds any documents from production on the basis of privilege, it must produce a privilege log as required by Fed. R. Civ. P. 45(e)(2)(A).

4. Nonparty DDA stated in its objections to the subpoena and in its response brief before the Court that the instant subpoena is "nothing more than a transparent attempt to circumvent Judge Michelson's discovery closure order" in *Lotus Industries, LLC, et al. v. Michael Duggan, et al.*, No. 16-cv-14112, and to seek discovery in this case that it can use in the case before Judge Michelson—in effect an end-run around Judge Michelson's order. (DE 114 at 16.) When given an opportunity to address this argument at the hearing, Plaintiff's counsel not only failed to dispute this contention but in fact confirmed his intent to do just that. Consistent with the protective order previously entered by this Court (DE 88 at 3), <u>the use and disclosure of discovery materials, specifically including the documents produced pursuant to this Order, is limited to **this lawsuit only**</u>.

Finally, I decline to award fees or costs to either side. Pursuant to Federal Rule of Civil Procedure 45(d)(1), the Court has discretion to impose "an appropriate sanction" on a party or attorney who fails to comply with their duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Here, both sides' positions were substantially justified and required rulings from the Court. In addition, neither party fully prevailed. As such, an award of costs in this matter would neither be appropriate, nor just.

**IT IS SO ORDERED.**

Dated: March 27, 2019						s/*Anthony P. Patti*
									Anthony P. Patti
									UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 27, 2019, electronically and/or by U.S. Mail.

								s/Michael Williams
								Case Manager for the
								Honorable Anthony P. Patti