UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC,
et al.,

        Plaintiffs,

Case No. 2:17-cv-13482
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

v.

DENNIS ARCHER, Jr., et al.

        Defendants.
_____/

## ORDER DENYING PLAINTIFF CHRISTOPHER WILLIAMS' MOTION TO COMPEL NONPARTY IGNITION MEDIA TO PRODUCE DOCUMENTS REQUESTED IN SEPTEMBER 20, 2018 SUBPOENA PURSUANT TO FED. R. CIV. P. 37 (DE 103) AND AWARDING SANCTIONS

This matter is before the Court for consideration of Plaintiff Christopher Williams' motion to compel nonparty Ignition Media to produce documents requested in September 20, 2018 subpoena pursuant to Fed. R. Civ. P. 37 (DE 103), nonparty Ignition Media's response (DE 109), and the parties' joint list of resolved and unresolved issues (DE 115). All discovery matters have been referred to me for hearing and determination (DE 102), and a hearing was held on March 26, 2019, at which counsel appeared and the Court entertained oral argument regarding Plaintiff's motion.

Upon consideration of the motion papers, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Plaintiff's motion to compel nonparty Ignition Media to produce documents responsive to the subpoena (DE 103), as further limited by Plaintiff's counsel at the hearing, is **DENIED** as follows:

1. Plaintiff's request for financial documents of nonparty Ignition Media to determine "whether Defendant Archer has the financial resources and assets to pay any monetary judgment and/or damages that may be awarded by a jury against … Archer in this case" (DE 103 at 4-5) is **DENIED** because it is premature and seeks irrelevant information and is therefore improper. Plaintiff does not have a claim for punitive damages against Defendant Archer in this case. It is well settled that, where a plaintiff does not seek punitive damages, Federal Rule of Civil Procedure 26 "will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." *Corizon Health, Inc. v. CorrecTek, Inc.*, No. 5:17-CV-35-TBR-LLK, 2017 WL 7693390, at *3 (W.D. Ky. Dec. 12, 2017) (quoting *Ranney-Brown Distribs., Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977)); *see also* Moore's Federal Practice ¶ 26.41[8][a] (3d ed. 2015) (recognizing the "general principle that a party's financial information is relevant for purposes of discovery if it implicates specific elements of a claim or defense asserted in the dispute" but that "[t]he relevancy requirement is not met when a party wants to know the opposing party's assets prejudgment to determine what assets are available for attachment should that party succeed in obtaining a favorable judgment.") (citing *Metal Mgmt., Inc. v. Schiavone*, 514 F.Supp.2d 227, 239 (D. Conn. 2007) (plaintiffs' desire to know if defendant possesses assets to attach should they succeed in obtaining judgment has no relevance to success of plaintiffs' claims and was insufficient to require disclosure of defendant's personal financial information prior to probable cause hearing))."

2. At the hearing, Plaintiff withdrew his remaining requests for documents in his subpoena, and thus his motion to compel as to those remaining documents is **DENIED AS MOOT** and Ignition Media is relieved of any duty to comply with that portion of the subpoena at issue.

Finally, under Rule 45(d)(1), an attorney or party invoking the Court's subpoena power has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and courts are required to enforce that duty through the imposition of "an appropriate sanction," including attorney's fees. Fed. R. Civ. P. 45(d)(1). Here, the Court concludes that an award of costs and fees is appropriate because Plaintiff failed to "take reasonable steps to avoid imposing undue burden or expense on" nonparty Ignition Media when he sought financial documents he plainly did not have a good faith basis to request. *See supra*. Further, although Plaintiff withdrew his request for the remaining documents listed in the subpoena <u>at the hearing</u>, counsel for nonparty Ignition Media was forced to go through the time and expense of objecting to those requests, addressing those requests in its response to the instant motion to compel, and preparing to address those requests at the hearing, resulting in wasted time and effort that could have been avoided had Plaintiff properly sought concurrence prior to filing the motion as required by E.D. Mich. LR 7.1 and 37.1, as well as engaged in the face-to-face meet and confer prior to the hearing as required by my Practice Guidelines.

Accordingly, nonparty Ignition Media is awarded *reasonable* attorney's fees and costs against Plaintiff's counsel pursuant to Fed. R. Civ. P. 45(d)(1). Nonparty Ignition Media shall submit a bill of costs, or stipulated bill of costs by **April 26, 2019** for the time incurred in responding to this motion. The Bill of Costs shall reference this Order in its caption.

Plaintiff shall submit his objections, if any, to Ignition Media's bill of costs by **May 3, 2019**. Any objections shall reference this Order in their caption.

**IT IS SO ORDERED.**

Dated: March 27, 2019
          s/*Anthony P. Patti*
          Anthony P. Patti
          UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on March 27, 2019, electronically and/or by U.S. Mail.

          s/Michael Williams
          Case Manager for the
          Honorable Anthony P. Patti