UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC,
et al.,

              Case No. 2:17-cv-13482

        Plaintiffs,      District Judge Sean F. Cox

              Magistrate Judge Anthony P. Patti

v.

DENNIS ARCHER, Jr., et al.

        Defendants.

_____/

## MEMORANDUM ORDER GRANTING IN PART, AND DENYING IN PART WITHOUT PREJUDICE, NONPARTY CITY OF DETROIT DOWNTOWN DEVELOPMENT AUTHORITY'S MOTION FOR PROTECTIVE ORDER IN CONNECTION WITH THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DE 124)

## I.  Introduction

This matter is before the Court for consideration of nonparty City of Detroit

Downtown Development Authority's (DDA) motion for protective order in

connection with the Court's order granting in part and denying in part Plaintiff's

motion to compel documents requested by subpoena (DE 124), Plaintiff's response

(DE 133), the parties' joint statement of resolved and unresolved issues (DE 134),

and nonparty DDA's submission in connection with the telephone conference

concerning DDA's motion (DE 138).  All discovery matters have been referred to

me for hearing and determination (DE 102), and a hearing on DDA's motion was

held on May 8, 2019, at which counsel appeared, the Court entertained oral argument regarding nonparty DDA's motion, and then held that motion in abeyance to permit DDA to conduct a search for responsive documents using newly agreed upon search terms and then to report to the Court the results of that search in a telephonic status conference held on May 23, 2019.  Upon consideration of the motion papers and oral argument of counsel, nonparty DDA's motion for protective order (DE 124) is **GRANTED IN PART, AND DENIED IN PART WITHOUT PREJUDICE,** for the reasons set forth below.

## II.     Procedural Background

On January 27, 2019, Plaintiff filed a motion to compel production of documents requested in his September 13, 2018 subpoena to nonparty DDA.  (DE 111.)  A hearing was held on Plaintiff's motion on March 26, 2019, after which the Court entered an order granting in part and denying in part Plaintiff's motion, ordering DDA to produce, by April 26, 2019, documents responsive to Request Nos. 4-6 of Plaintiff's subpoena for the November 19, 2016 to present time period, and to produce a privilege log for any documents withheld on the basis of privilege.  (DE 119.)

On April 19, 2019, DDA filed the instant motion for protective order, seeking an extension of time to produce responsive documents and requesting that Plaintiff pay DDA its share of the expenses of production before DDA is obligated

to undertake further efforts to comply with the Court's order.  (DE 124.)  DDA

contends that the volume of potentially responsive documents is substantially

larger than anticipated (48.5 GB of data) and would impose a significant expense

on DDA to produce and require far more time to complete than allowed by the

Court's order.  (*Id.* at 11.)  DDA initially anticipated the total expense of

production at $127,653.00, which includes $21,875.00 in costs to upload the data

and approximately $105,778.00 in attorney's fees in connection with a privilege

review.  (*Id.* at 19.)  DDA requested Plaintiff pay the $21,875 in costs and 25% of

the anticipated attorney's fees ($26,444.50) before DDA is obligated to undertake

further efforts to comply with the Court's order.  (*Id.*)  Plaintiff opposed that

motion and questioned why the costs were so high.  (DE 133.)

At the May 8, 2019 hearing on this motion, the parties agreed on new search

terms in an attempt to further refine the number of responsive documents and the

Court scheduled a telephonic status conference for May 23, 2019 to discuss the

results of that search.  On May 22, 2019, DDA submitted a supplemental brief

explaining that the revised search yielded 8.5 GB of data that must be reviewed for

privilege, at a cost of $2,125.00 to upload the data to counsel's e-discovery

platform and anticipated costs of $44,705.00 in attorneys' fees to conduct a

privilege review.  (DEs 138 at 3, 138-1, 138-2, 138-3.)  DDA now seeks an order

that Plaintiff pay DDA $2,125.00 in costs and $11,176.25 in attorneys' fees (25%

of the total attorneys' fees anticipated).  (DE 138 at 4.)

The Court held a telephonic status conference with counsel for the parties on

May 23, 2019, at which it entertained further discussion and stated that an Order

would be issued **GRANTING IN PART, AND DENYING IN PART**

**WITHOUT PREJUDICE,** DDA's motion (DE 124).

## III.    Standard

"It is well settled that decisions on matters pertaining to discovery, including

subpoena compliance, rest in the sound discretion of the trial court and will not be

disturbed absent a showing of an abuse of that discretion."  *State Farm Mut. Auto.*

*Ins. Co. v. Elite Health Ctrs., Inc.*, 364 F.Supp.3d 758, 766 (E.D. Mich. 2018)

(citing *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1988)).  Federal

Rule of Civil Procedure 45(d)(2) provides that "[a] party or attorney responsible

for issuing a subpoena must take reasonable steps to avoid imposing an undue

burden or expense on a person subject to the subpoena[,]" and Rule 45(d)(2)(B)(ii)

protects non-parties who object to the subpoena from incurring "significant

expense resulting from compliance."  However, "protection of a non-party from

significant expense does not necessarily mean that the party issuing the subpoena

must bear the entire cost of compliance."  *See Hennigan v. General Electric*, No.

09-11912, 2012 WL 13005370, at *2 (E.D. Mich. Apr. 2, 2012).  Courts have

generally considered three equitable factors when considering cost-shifting and non-parties: (1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear its costs than the requesting party; and (3) whether the litigation is of public importance. *Id.* (collecting cases).

Courts also consider whether a nonparty's legal fees should be considered a cost of compliance, where the work benefits the requesting party. *Hennigan*, 2012 WL 13005370 at *2 (noting generally that "a privilege review does not benefit the requesting party and is generally an expense that, absent some unusual circumstances, should be borne by the responding party"); *see Lefta Assocs. v. Hurley*, No. 09-2487, 2011 WL 1793265, at *4 (M.D. Pa. May 11, 2011) ("courts have held that '[a] nonparty's legal fees, especially where the work benefits *the requesting party*, have been considered a cost of compliance' and may be subject to reimbursement.") (emphasis added); *Georgia-Pacific LLC v. American Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187, 190-91 (S.D. Ohio 2010) (finding nonparty was entitled to recover at least a portion of its attorney fees because counsel for the nonparties had a duty to protect class members in class action litigation with respect to disclosure of any confidential medical records or other health information falling under HIPAA and had to review ten bankers' boxes of documents as well as electronically stored information, then prepare objections and/or privilege logs).

## IV. Discussion

The Court here exercises its discretion and finds that, under the facts and circumstances of this case, DDA is entitled to an award of costs (including a percentage of anticipated attorneys' fees) for responding to Plaintiff's subpoena as ordered by the Court (DE 119) and as narrowed at the May 8, 2019 hearing, which must be paid before DDA is required to undertake any further efforts to comply with the Court's order.

Specifically, DDA has sufficiently established that it will be forced to incur $2,125.00 in fixed costs to upload the 8.5 GB of data to its third-party e-discovery platform in order to review it for production, and that it anticipates incurring $44,705 in attorneys' fees to conduct a privilege review, prepare a privilege log and prepare the non-privileged documents for production. (DE 138.) Applying the three equitable factors set forth in *Hennigan* above, DDA has demonstrated that it has no interest in the outcome of this litigation, as it is not a party and Plaintiff's prior case against it was dismissed as a sanction for Plaintiff's "repeated misrepresentations" and "failures to comply with discovery orders – despite warnings and the imposition of less severe sanctions." (DE 124 at 15-16, 58-72.) While DDA may more readily bear the expense of production than Plaintiff, that factor alone does not dictate that Plaintiff is relieved of the obligation to pay for some of the expense of production, particularly where this litigation has no

particularized public importance and considering the "unusual circumstances" in

this case, including that Plaintiff's prior lawsuit against the DDA was dismissed as

a sanction, and he and his clients have been at the receiving end of multiple

sanction awards in related and unrelated litigation, significant portions of which

this particular plaintiff and his counsel have apparently failed to pay. (See DE 124

at 20-27.)[1]  In addition, the subpoena was directed in part at the general counsel for

DDA, and Plaintiff should have anticipated that production of documents in

response would require a robust privilege review prior to production, especially

given the litigation history between Plaintiff and the DDA.

## V.     Order

Accordingly, DDA's motion is **GRANTED IN PART, AND DENIED**

**WITHOUT PREJUDICE IN PART,** as follows:

1. Plaintiff must pay **to DDA** the sum of **$4,360.25**, which constitutes the

   **$2,125.00** in costs to upload the 8.5 GB of data to DDA's counsel's e-

   discovery platform, and **$2,235.25** in attorneys' fees (5% of the

---

[1] DDA's brief states that, "nearly all (if not all) of the above sanction awards
remain unpaid." (DE 124 at 27.)  Plaintiff does not dispute this statement in his
response brief.  In today's conference call, DDA identified $16,096 in unpaid
sanctions awarded by Michigan state court judges Columbo and Burton, a
noticeably precise amount (*see id.* at 22, 24), but Plaintiff's counsel claimed that
they had been paid.  This Court has no record support of the alleged satisfaction.

anticipated attorneys' fees to conduct a privilege review, prepare a privilege log and prepare the non-privileged documents for production).

2. Plaintiff must deliver the $4,360.25 check **payable to City of Detroit Downtown Development Authority** (although the check can be delivered to counsel for DDA) on or before **5:00 p.m. Monday, June 3, 2019**. Plaintiff shall also promptly certify such payment to the Court, and include a copy of the check.

3. DDA need not continue further efforts to produce documents until it is paid in full. Once paid, DDA shall have **45 days** from that date to produce responsive documents, and a privilege log for any documents withheld on the basis of privilege.

4. In addition, *if* Plaintiff pays the full amount ordered and certifies such payment to the Court, the Court will amend the current scheduling order and **extend the discovery deadline by 45 days** from that date.

5. If Plaintiff does not pay the full amount ordered by June 3, 2019, DDA will automatically be relieved of its obligation to respond to Plaintiff's September 13, 2018 subpoena or produce any documents. In other words, DDA's Court-ordered obligations are conditioned on timely pre-payment of the costs herein ordered.

6. DDA's request for additional attorneys' fees is **DENIED WITHOUT PREJUDICE** at this time. DDA may revisit this issue after the production of documents, if any, when it will know the actual costs of such production. However, the Court cautions DDA that the general rule is that "a privilege review does not benefit the requesting party and is generally an expense that, absent some unusual circumstances, should be borne by the responding party." *Hennigan*, 2012 WL 13005370 at *2. The Court has thus far accounted for the "unusual circumstances" in this case in its award of 5% of the anticipated attorneys' fees above.

**IT IS SO ORDERED.**

Dated: May 24, 2019 s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on May 24, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti