UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC,
et al.,

        Plaintiffs,

v.

DENNIS ARCHER, Jr., et al.

        Defendants.
_____/

Case No. 2:17-cv-13482
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

# **ORDER (1) GRANTING PLAINTIFF CHRIS WILLIAMS' MOTION TO COMPEL THE TAKING OF DEPOSITION OF NON-PARTY GABE LELAND (DE 147), (2) DENYING PLAINTIFF'S LETTER REQUEST TO FILE A MOTION TO COMPEL THE TAKING OF NON-PARTY POLICE OFFICERS, POLICE CHIEF JAMES CRAIG, TOM LEWAND AND MAYOR MIKE DUGGAN (DE 148), AND (3) DENYING PLAINTIFF'S LETTER REQUEST TO PRODUCE 7,926 DOCUMENTS FOR IN CAMERA REVIEW BY THE COURT (DE 153)**

This matter is before the Court for consideration of: (1) Plaintiff Christopher Williams' motion to compel the taking of deposition of non-party Gabe Leland (DE 147), non-party City of Detroit and Gabe Leland's response (DE 151), and Defendant Dennis Archer, Jr.'s response (DE 154), both of which object on the basis of the fact that Leland's deposition was already taken in *Lotus Industries, LLC v. Duggan*, Case No. 16-14112 (*"Lotus I"*); (2) Plaintiff's letter request to file a motion to compel the taking of non-party police officers, Police Chief James Craig, Tom Lewand and Mayor Mike Duggan (DE 148) and the City of Detroit's

letter response (DE 149); and, (3) Plaintiff's letter request to produce 7,926 documents for an *in camera* review by the Court (DE 153). All discovery matters have been referred to me for hearing and determination (DE 102), and a hearing was held on July 23, 2019, at which counsel appeared and the Court entertained oral argument regarding Plaintiff's motion and the two letter requests.

Upon consideration of the motion papers, letter requests and oral argument of counsel, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, the Court rules as follows:

1. Plaintiff's motion to compel the taking of deposition of non-party Gabe Leland is **GRANTED**. Plaintiff shall be allowed to depose non-party Leland for no more than **50 minutes**, and the deposition shall be limited to the three topics Plaintiff identified at the July 23, 2019 hearing: (1) tickets issued to Plaintiff for noise violations; (2) increased police presence at Centre Park Bar; and (3) Leland's alleged participation in discussions to divide the property before it was selected for redevelopment by the DDA. Counsel for Plaintiff and non-party City of Detroit and Gabe Leland confirmed at the hearing that the parties are not precluded from using Gabe Leland's deposition testimony in *Lotus I* and *Carmack v. City of Detroit, et al.*, Case No. 18-11018 (*"Carmack"*) in this case, and accordingly Plaintiff is not permitted to re-question Leland about topics addressed in those prior depositions. In addition, no other non-party(ies) may attend Leland's deposition, specifically including Robert Davis.

2. Non-party City of Detroit objects to Plaintiff's letter request to file a motion to compel the taking of six partially identified non-party police officers, Police Chief James Craig, Tom Lewand and Mayor Mike Duggan (DEs 148, 149) on several bases, including ripeness (raised orally at the hearing). Plaintiff's counsel conceded at the hearing that he

has not yet attempted to serve any subpoena(s), or otherwise notice, these depositions. The Court will not rule prospectively on the nine depositions Plaintiff expresses an interest in taking, for some of which he could not even identify the desired deponent. The City of Detroit's objection on the basis of ripeness is **SUSTAINED** and this letter request is **DENIED**.

3. Finally, Plaintiff's letter request to produce 7,926 documents for an *in camera* review by the Court (DE 153) is **DENIED,** as such a voluminous review would require an unreasonable expenditure of judicial resources. *See Stryker Corp. v. Ridgeway*, Nos. 13-1066, 14-889, 2015 U.S. Dist. LEXIS 93741, at *8 (W.D. Mich. 2015). Instead, Plaintiff is directed to review non-party DDA's privilege log and identify, in a letter to non-party DDA's counsel, the <u>specific</u> documents challenged, and to include an explanation as to why he believes each identified document(s) is not privileged. Counsel for Plaintiff and non-party DDA are then directed to meet, face-to-face, within 14 days of that letter, for a minimum of three hours, to review the list of documents and attempt to resolve their disputes by stipulation. After that, Plaintiff will be permitted to file a letter request seeking to file a motion with regard to any remaining challenged, privileged documents, which must be specifically identified in any request for relief from the Court.

**IT IS SO ORDERED.**

Dated: July 25, 2019          s/*Anthony P. Patti*
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE