UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC,
et al.,

        Plaintiffs,

Case No. 2:17-cv-13482
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

v.

DENNIS ARCHER, Jr., et al.

        Defendants.
_____/

## ORDER DENYING AS MOOT PLAINTIFF CHRIS WILLIAMS' LETTER REQUEST TO FILE A MOTION (DE 157) AND CLARIFYING THE COURT'S JULY 25, 2019 ORDER REGARDING THE TAKING OF DEPOSITION OF NON-PARTY GABE LELAND (DE 156)

This matter is before the Court for consideration of Plaintiff Christopher Williams' letter request to file a motion to clarify the Court's July 25, 2019 Order granting Plaintiff's motion to compel the taking of the deposition of non-party Gabe Leland. (DE 157.) Plaintiff's counsel seeks clarification as to whether he may pose questions to Mr. Leland "pertaining to the federal grand jury subpoena [DE 157-1] and whether Mr. Leland received any monetary gifts and/or bribes from Defendant Archer for assisting him in obtaining the land development deal from the DDA." (*Id.* at 2.) A telephonic status conference was held on the record on July 29, 2019, at which counsel appeared and the Court entertained oral argument regarding Plaintiff's letter request.

Upon consideration of the letter request, my July 25, 2019 Order, and oral argument of counsel, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Plaintiff's request to file a motion (DE 157) is **DENIED AS MOOT.** Instead, the Court clarifies its July 25, 2019 Order and rules as follows:

1. Plaintiff's counsel may, consistent with my July 25, 2019 Order, question Leland in his deposition about his "alleged participation in discussions to divide the Centre Park property before it was selected for redevelopment by the DDA," including any conversations with Defendant Archer, Jr., and specifically including questions regarding possible "[f]ree entry into parties or events" and "[a]ny other items of value provided free of charge or at a discounted price," as set forth in the grand jury subpoena attached to Plaintiff's letter request (DE 157-1 at 2).

2. Plaintiff's counsel is reminded that he is not permitted to re-question Leland about topics addressed in prior depositions. Accordingly, Plaintiff's counsel may not question Mr. Leland about "[f]ree alcoholic or non-alcoholic drinks," "[f]ree food, including entrees, appetizers and desserts," or " [a] $500 loan to Marcellus Brice," as those topics have been addressed by Mr. Leland in prior depositions.

3. With respect to the parties' question about filing sealed documents with the Court, they are directed to review and abide by my Practice Guidelines regarding Protective Orders, the law cited therein, and the Protective Order that was previously entered in this case as DE 88. They are also reminded that attachments to motion papers must be pertinent to the relief sought.

**IT IS SO ORDERED.**

Dated: July 29, 2019    s/*Anthony P. Patti*
                        Anthony P. Patti
                        UNITED STATES MAGISTRATE JUDGE