UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC,
et al.,

            Plaintiffs

v.

DENNIS ARCHER, Jr., et al.,

            Defendants.
_____/

Case No. 2:17-cv-13482
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

## **OPINION AND ORDER REGARDING NONPARTY IGNITION MEDIA'S BILL OF COSTS (DE 126)**

### I. Background

#### A. Procedural History

On October 25, 2017, Plaintiffs filed this lawsuit against multiple defendants alleging an overarching conspiracy between Defendants the City of Detroit, Dennis Archer Jr., and his company Ignition Media, and others to facilitate Defendant Archer's acquisition of the Centre Park Bar property. (DE 1.) Specifically, Plaintiffs alleged claims for civil RICO, First Amendment retaliation, a declaration that Defendants Archer and the City of Detroit are violating the City's sign ordinance, and a declaration that the City's noise ordinance is unconstitutionally vague. (*Id.*) Plaintiffs' complaint also alleged a claim against Michigan's then-

1

Secretary of State, Ruth Johnson, seeking a declaration that Michigan's prohibition on direct campaign contributions by corporations violates the First Amendment. (*Id.*) On August 22, 2018, the Court dismissed all of these claims against the defendants, except the First Amendment retaliation claim by Plaintiffs Lotus Industries, LLC and Christopher Williams against Defendant Dennis Archer Jr. (DE 62.) On January 15, 2019, the Court entered a stipulated order dismissing Plaintiff Lotus Industries LLC. (DE 110.) Accordingly, only Williams remains as a party plaintiff.

    **B.**     **The Court's Order Denying Plaintiff's Motion to Compel Nonparty Ignition Media and Awarding Sanctions (DE 120)**

On March 27, 2019, I entered an order (1) denying Plaintiff Christopher Williams' motion to compel nonparty Ignition Media to produce documents requested in a September 20, 2018 subpoena and (2) awarding sanctions. (DE 120.) In that order, I denied "Plaintiff's request for financial documents of nonparty Ignition Media to determine 'whether Defendant Archer has the financial resources and assets to pay any monetary judgment and/or damages that may be awarded by a jury against … Archer in this case' … because it is premature and seeks irrelevant information and is therefore improper," explaining that "[i]t is well settled that, where a plaintiff does not seek punitive damages, Federal Rule of Civil Procedure 26 'will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant,

2

and cannot lead to the discovery of admissible evidence.'" (*Id.* at 2 (collecting cases).)  That Order also noted that Plaintiff withdrew his remaining requests for documents in his subpoena at the March 26, 2019 hearing, and thus his motion to compel as to those remaining documents was denied as moot.  (*Id.* at 3.)

I further found that a sanction pursuant to Fed. R. Civ. P. 45(d)(1) was "appropriate because Plaintiff failed to 'take reasonable steps to avoid imposing undue burden or expense on' nonparty Ignition Media when he sought financial documents he plainly did not have a good faith basis to request," and because "although Plaintiff withdrew his request for the remaining documents listed in the subpoena <u>at the hearing</u>, counsel for nonparty Ignition Media was forced to go through the time and expense of objecting to those requests, addressing those requests in its response to the instant motion to compel, and preparing to address those requests at the hearing[.]" (*Id.* (emphasis in original))  Thus, nonparty Ignition Media was awarded "*reasonable* attorney's fees" and costs against Plaintiff's counsel pursuant to Fed. R. Civ. P. 45(d)(1), and ordered to submit a bill of costs or stipulated bill of costs by April 26, 2019.  (*Id.* at 4 (emphasis in original))[1]

---

[1] Less than three weeks after this Order, Plaintiff filed a "renewed motion for leave to file a first-amended complaint," seeking to add "a request for punitive damages." (DE 123.)  In its order denying this motion on May 15, 2019, the Court stated:

3

### C. Ignition Media's Bill of Costs

On April 26, 2019, nonparty Ignition Media filed its bill of costs seeking an award of $8,611.25 in attorneys' fees, for 8.25 hours at a rate of $410/hour and 11.75 hours at a rate of $445/hour. (DE 126.) Ignition Media attaches its counsel's redacted billing records in support. (DE 126-3.)

Plaintiff filed his objections to nonparty Ignition Media's bill of costs on May 3, 2019, arguing that the bill of costs is "absurd" and "seek[s] an exorbitant amount for responding to a simple motion to compel" that is essentially "only 8 pages in length and cited only 9 cases." (DE 132.) Plaintiff contends that nonparty Ignition Media should be compensated for no more than 3 hours at a rate of $225 an hour. (*Id.*)

## II. Analysis

### A. Fed. R. Civ. P. 45(d)(1)

Rule 45(d)(1) states:

---

Williams's sole justification for his proposed amendment is his recent realization that he cannot compel the production of tax returns from Archer's company without a request for punitive damages. This is the exact opposite of what discovery is intended to accomplish, and it is clear that Williams is attempting to use this suit as a mechanism to retrieve Archer's financial information, regardless of whether it is relevant to Williams' alleged First Amendment harm. The Court will deny Williams's motion because of this bad-faith motive.

(DE 137 at 2.)

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). "Undue burden is to be assessed in a case-specific manner considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (citations omitted). A court may award costs and fees where the party issuing the subpoena "failed to take any steps, let alone any reasonable ones, to avoid imposing an undue burden or expense on [the subpoenaed person]." *Green v. MOBIS Alabama, LLC*, No. 2:12cv277, 2014 WL 2041857, at *2-3 (M.D. Ala. May 16, 2004).

### B. Ignition Media's Bill of Costs

The starting point for determining the amount of a reasonable attorney fee is the "lodestar" method, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall

5

for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citation omitted). The party requesting attorney fees bears the burden of establishing the number of hours and hourly rate are reasonable. *Hensley*, 461 U.S. at 437.

### 1. Reasonable hourly rate

A reasonable hourly rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). "In order to determine the local market rate, the court should rely on a combination of its own expertise and judgment." *Stryker Corp. v. Prickett*, No. 1:14-cv-01000-RHB, 2016 WL 7048813, at *3 (W.D. Mich. Dec. 5, 2016) (citations omitted). The court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates, *see Wells v. Corporate Accounts Receivable*, 683 F.Supp.2d 600, 602 (W.D. Mich. 2010), and the benchmark for determining a reasonable hourly rate is the State Bar of Michigan's Economics of Law Practice Survey. *See Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501-02 (6th Cir. 2006). "The district court has broad discretion in determining a reasonable hourly rate for an attorney." *Northeast Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016).

6

The Court has reviewed non-party Ignition Media's bill of costs in detail, as well as Plaintiff's response. Ignition Media requests hourly rates of $410 and $445, but fails to provide an affidavit or any other support justifying those billing rates. In light of Ignition Media's complete failure to support the requested hourly rates, the Court concludes that an hourly rate of $250 is a reasonable rate for counsel for non-party Ignition Media and "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *See Adcock-Ladd*, 227 F.3d at 349. This is the median billing rate for attorneys in the downtown Detroit and New Center area and is in line with fees customarily charged in the Eastern District of Michigan for similar legal services. *See* State Bar of Michigan, Economics of Law Practice Attorney Income and Billing Rate Summary Report (2017). Additionally, the Court notes that the task for which compensation was awarded consisted of straightforward, uncomplicated objections to a subpoena and responding to a related, albeit routine motion to compel. Accordingly, the Court will afford counsel for non-party Ignition Media a reasonable hourly rate of $250.00 per hour.

2. **Hours reasonably expended**

The next inquiry addresses the number of hours claimed. In determining whether the time spent on a matter constitutes a reasonable number of hours, the Court pays attention to whether cases are overstaffed and whether the hours

expended were excessive, redundant, and unnecessary. *See Binta B. ex rel S.A. v. Gordon*, 710 F.3d 608, 627 (6th Cir. 2013) (hours that are "excessive, redundant, or otherwise unnecessary" are hours that are not "reasonably expended"). However, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.* "So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* Thus, "there is no requirement … that district courts identify and justify each disallowed hour." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) (citation omitted). "Nor is there any requirement that district courts announce what hours are permitted for each legal task." *Id.*

Generally, with regard to discovery motions, the applicable rule provides for payment only of "the movant's reasonable expenses incurred *in making [or responding to] the motion*, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Further, Rule 37(b)(2)(C) provides for "reasonable expenses, including attorney's fees, *caused by the failure* [to comply with the court order]." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Accordingly, extrajudicial efforts, such as review of discovery produced or communications between counsel about the discovery requests underlying the motion to compel, are not generally a

8

recoverable expense. *See Skurka Aerospace, Inc. v. Eaton Aerospace, L.L.C.*, No. 1:08 CV 1565, 2013 WL 12131141, at *4 (N.D. Ohio Aug. 23, 2013) ("[O]n these facts[,] extrajudicial efforts to resolve the discovery dispute, including correspondence with opposing counsel, should be excluded from compensable time.") (citing *Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co.*, 142 F.R.D. 677, 681 (S.D. Iowa 1992)); *Manning v. Soo Line Railroad Co.*, No. 16-CV-1011-LTS, 2017 WL 811903, at *2 (N.D. Iowa Mar. 1, 2017) ("The court declines to award fees for work that Defendant's counsel had to perform under its meet-and-confer obligations, such as reviewing discovery and communicating with opposing counsel" because "these efforts would have been required regardless of whether Defendant[] had to file a motion to compel.") (citation and internal quotation marks omitted).

Here, non-party Ignition Media seeks to be reimbursed for 20 hours—8.25 hours at an hourly rate of $410 and 11.75 hours at an hourly rate of $445 – to prepare objections to the subpoena, respond to Plaintiff's motion to compel, and prepare for and attend the hearing on Plaintiff's motion. (DE 126, 126-3.) Plaintiff objects to compensating Ignition Media for more than three hours. (DE 132 at 5.)

The Court finds the number of hours sought by Ignition Media is grossly excessive, considering the relative simplicity of Ignition Media's response. While

9

Ignition Media's requests for up to seven hours to review Plaintiff's motion to compel and draft a response, and three hours to prepare for, travel to and attend the hearing are considered reasonable, the Court finds that the remainder of the time requested is simply not reasonable to prepare an eight-page response that did not address any novel or complex legal issues or require exceptional skill. Accordingly, the Court will reduce this time and allow 10.0 hours for drafting the response to Plaintiff's motion to compel and preparing for and attending the hearing (a 50% reduction). *See Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005) (recognizing "the propriety of an across the board reduction based on excessive or duplicative hours"); *Myers v. SSC Westland Operating Co.*, No. 13-14459, 2015 WL 3915797, at *4-5 (E.D. Mich. June 25, 2015) (awarding fees based on only 25% of the actual time spent on the matter according to the plaintiff's counsel because of excessive and duplicative hours).

The remainder of the time sought by non-party Ignition Media appears excessive or unrelated to the motion and hearing at issue and thus is not compensable. Counsel for Ignition Media was expressly instructed, both at the hearing and again in the Court's Order, that it was only entitled to "*reasonable* attorney's fees and costs" "for time incurred in responding to this motion." (See

DE 120 at 4.) The Court declines to award fees for work unrelated to the actual preparation of the response to the motion to compel.

## III. Order

Accordingly, the Court awards nonparty Ignition Media its costs and fees for 10.0 hours, at a rate of $250/hour, in the total amount of **$2500.00**. Within fourteen (14) days of the date of this Order, Plaintiff's counsel shall reimburse counsel for non-party Ignition Media in the amount of **$2500.00**. Plaintiff and his counsel shall be jointly responsible for payment of these sanctions. No further discovery will be permitted by Plaintiff or required from Defendant until the costs are paid in full. The Court retains jurisdiction over Plaintiff's counsel to enforce this order, regardless of whether his pending motion to withdraw is granted.

**IT IS SO ORDERED.**

Dated: August 30, 2019					s/*Anthony P. Patti*
							Anthony P. Patti
							UNITED STATES MAGISTRATE JUDGE