UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC, et al.,

    Plaintiffs,

v.

                                                                Case No. 2:17-cv-13482

                                                                Honorable Sean F. Cox

CITY OF DETROIT, et al.,

    Defendants.
_____/

**<u>ORDER DENYING REQUEST TO TERMINATE COUNSEL (ECF No. 166) AND "EMERGENCY" MOTION FOR WITHDRAWAL OF ATTORNEY (ECF No. 167) AND PARTIALLY GRANTING "EMERGENCY" MOTION FOR EXTENSION OF TIME TO RESPOND (ECF No. 178)</u>**

On August 6, 2019, Plaintiff Christopher Williams filed a pro se request to "fire" his counsel, Andrew Paterson. (ECF No. 166). Similarly, Paterson filed a motion to withdraw as counsel that same day. (ECF No. 167). Defendants filed a response in opposition. (ECF No. 174). On August 20, 2019, the Court held a hearing on these motions. At this hearing, the Court heard arguments from Paterson and Williams.

The decision to grant or deny an attorney's motion to withdraw as counsel is within the discretion of the district court. *U.S. Sec. and Exchange Commission v. Merklinger*, 2009 WL 3498721 at *2 (E.D. Mich. 2009) (citing *United States v. Iles*, 906 F.2d 1122, 1130 n. 8 (6th Cir. 1990)). The factors to consider in evaluating a motion to withdraw include: "(1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) the balancing of these factors with the

1

public's interest in the prompt and efficient administration of justice." *Id.* (citing *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)); *see also Maznarich v. Morgan Waldron Ins. Management LLC*, 2012 WL 487963, at *3 (N.D. Ohio 2012) (denying motion to withdraw where "counsel's withdrawal would be unfairly prejudicial" and "amount to strategically timed or coercive behavior").

After consideration of the parties briefing and the above factors, the Court will deny these motions. First, these motions (which came a week before the discovery deadline) are not timely. Allowing Paterson to withdraw at this stage of the litigation would severely prejudice Defendants, who have been defending against this action for nearly two years and who have recently filed their motion for summary judgment. (ECF No. 176). A change of counsel would cause further delay, and the timing of these motions suggests that such a delay is the intent of Plaintiff and Paterson.

Second, nothing presented to the Court indicates that the extent of the conflict between Plaintiff and Paterson is so great that it resulted in a total lack of communication preventing an adequate defense. In fact, a review of the docket indicates that, even after the filing of these motions, Paterson was perfectly comfortable acting on Plaintiff's behalf to seek more discovery. (ECF No. 173).

Finally, the Court concludes that the public's interest in the prompt and efficient administration of justice favor the denial of these motions. Plaintiff has alleged that Defendants retaliated against him for the exercise of his free speech. Defendants have faced these serious allegations of wrongdoing for nearly two years, and have filed a motion for summary judgment arguing that they are baseless. The public interest requires that these years-old allegations be evaluated on their merits.

For these reasons, the Court **DENIES** Plaintiff's pro se request to fire his attorney (ECF No.

2

166) and Paterson's motion to withdraw (ECF No. 167).

Plaintiff has also filed a motion to extend his time to respond to Defendants' motion for summary judgment by 21 days. The Court **GRANTS** this request to the extent that it extends his time to respond by 14 days. Plaintiff shall filed his response **on or before October 11, 2019.**

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 27, 2019