UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC, *et al.*,

    Plaintiffs,

v.

CITY OF DETROIT, *et al.*,

    Defendants.
_____/

Case No. 2:17-cv-13482
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF CHRISTOPHER WILLIAMS' MOTION TO COMPEL THE CONTINUED DEPOSITION OF NON-PARTY REBECCA NAVIN (ECF No. 193)

This matter came before the Court for consideration of Plaintiff Christopher Williams' motion to compel the continued deposition of non-party Rebecca Navin (ECF No. 193), and non-party City of Detroit Downtown Development Authority's (the DDA's) brief in opposition (ECF No. 199). Judge Cox referred all discovery matters to me. (ECF No. 102.) A hearing was held on November 26, 2019, at which counsel appeared and the Court entertained oral argument regarding Plaintiff's motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Plaintiff's motion to compel the

continued deposition of non-party Rebecca Navin (ECF No. 193) is **DENIED**.[1]
No costs will be awarded as the motion to compel was substantially justified in light of the instruction by Ms. Navin's counsel on multiple occasions throughout her deposition not to answer questions, although the Court has now determined that such instruction was appropriate under the circumstances, as analyzed at the hearing. *See* Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.").

**IT IS SO ORDERED.**

Dated: November 27, 2019

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] Further, the Court finds no undue delay in Plaintiff's filing of the instant motion to compel. On August 14, 2019, the Undersigned denied without prejudice by text-only order Plaintiff's counsel's letter request to file the motion, as his authority to do so on Plaintiff's behalf was, at the time, in question. On September 27, 2019, the day that Plaintiff's counsel's motion to withdraw as counsel was denied (ECF No. 179), he again submitted a letter request to file the instant motion. Although that request was stricken by the Undersigned in a text-only order on October 4, 2019 for exceeding page limitation requirements, Plaintiff's counsel submitted another letter request conforming to the page limitations just three days later on October 7, 2019, which was granted by text-only order on October 9, 2019. He then filed the subject motion to compel on November 5, 2019. (ECF No. 193.)